EPIFANIA RODRÍGUEZ RODRÍGUEZ, demandante y apelante, *v.* CENTRAL CAMBALACHE, INC., demandada y apelada.

Núm. 9030.—*Sometido:* Mayo 5, 1945. *Resuelto:* Julio 6, 1945.

A. *Reyes Delgado, P. Santos Borge* y *L. Mercader*, abogados de la apelante; *G. Zeno Sama* y *Largé & Lecároz,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La demandante, dueña de 14 fincas rústicas radicadas en Arecibo con un área total de 485 cuerdas, el 10 de septiembre de 1926 celebró un contrato de refacción agrícola con la demandada en relación con algunas de dichas fincas. El contrato empezaba a regir en la zafra de 1927 y debía extenderse hasta la terminación de la zafra de 1931. En garantía de la refacción que habría de recibir, la demandante gravó los frutos de las fincas objeto del contrato de refacción y constituyó una hipoteca sobre todas sus fincas por la cantidad de $10,000 a favor de la demandada. Al terminar la zafra de 1929 la demandante estaba debiendo a la demandada, por concepto de refacción durante ese año y años anteriores, la cantidad de $17,165.80. Pero como la demandada también tenía un crédito hipotecario sobre una de dichas fincas por la cantidad de $1,920.82 que con sus intereses hasta el 20 de septiembre de 1929 ascendió a $2,036.06 y también

había adquirido un crédito hipotecario constituído por la demandante a favor de América Boneta por la cantidad de $1,120, pero que en la indicada fecha con sus intereses ascendió a $1,200, la totalidad de la deuda montó a unos $20,401.86. No pudiendo la demandante satisfacer dicha suma, por escritura número 53 de 20 de septiembre de 1929 ante el notario Miguel Santoni, convino con la demandada en adjudicarle en pago todas sus fincas con excepción de una de 15 cuerdas que retuvo. Como parte de la causa del contrato de dación en pago la demandada entregó a la demandante la cantidad de $6,000 en efectivo y canceló la parte de la hipoteca de $10,000 que gravaba la mencionada finca de 15 cuerdas. Entre las fincas que recibió la demandada habían algunas gravadas con hipotecas las cuales asumió.

De la súplica de la demanda enmendada radicada el 8 de febrero de 1943 se infiere que la demanda original fué radicada en el mes de septiembre de 1942. Solicitó sentencia decretando la inexistencia de los actos y contratos mencionados en la demanda y que se declare que los bienes descritos en la misma son de la demandante ordenando a la demandada a que le restituya las referidas fincas, condenándola también a reembolsarle los $245,694.88, montante de los perjuicios sufridos hasta septiembre de 1942 y sus intereses al 6 por ciento anual desde la radicación de la demanda—septiembre de 1942—junto con $21,250 por cada año que la demandada retenga las fincas a partir de septiembre de 1942 hasta la terminación del litigio con intereses legales y $15,000 por concepto de honorarios de abogado y las costas.

Los motivos que alega la demandante para anular la escritura de 26 de septiembre de 1929 son: Que al tiempo de recibir en pago dichas fincas la demandada, que es una corporación agrícola dedicada a la siembra y molienda de caña, poseía más de 500 acres de terreno y que la adquisición de las fincas de la demandante violaba por parte de la demandada la Resolución Conjunta del Congreso de los Estados

Unidos, aprobada el 1ro. de mayo de 1900; que la cesión de dichas fincas fué inducida por amenazas que le hiciera la demandada y que parte de la cantidad de refacción que reclamaba la demandada no había sido recibida por la demandante para fines de refacción, sino para comprar terrenos, de lo cual tuvo conocimiento la demandada al entregar a la demandante el dinero para la supuesta refacción. Alegó, además, ésta, que la demandada, a los efectos de aumentar su crédito contra la demandante, adquirió las dos hipotecas de que se ha hecho mención aumentando así su crédito contra ella a una cantidad que la demandante no pudo pagar.

La corte inferior desestimó la demanda en todas sus partes e impuso las costas a la demandante.

■ La cuestión primordial en el presente caso, es decir, la de si es nula cualquier adquisición de terrenos por una corporación agrícola en exceso de 500 acres y si esa nulidad puede alegarla la persona que le ha trasmitido los bienes en dicho exceso y a la vez puede exigirle la devolución del terreno sin que siquiera previamente le devuelva u ofrezca devolver las cantidades que la demandante recibió como precio de los mismos, fué resuelta por este Tribunal en el caso de *Campos* v. *Central Cambalache,* 64 D.P.R. 58.

Sostuvimos en aquel caso que la sección 3 de la Resolución Conjunta aprobada por el Congreso de los Estados Unidos el 1ro. de mayo de 1900 expresamente autoriza a las corporaciones a efectuar préstamos con garantía sobre bienes raíces y a adquirir éstos cuando sea necesario para el cobro de sus créditos, sujeta la adquisición a la condición de que la corporación deberá disponer de los bienes así adquiridos, dentro de los cinco años de haber recibido el título de propiedad sobre los mismos. Resolvimos, además, que la violación de la Resolución Conjunta al no disponer de los bienes dentro del término de cinco años, no confería derecho alguno al que se los trasmitió para solicitar la declaración de nulidad del título y la reivindicación de los bienes con

los frutos producidos o debidos producir; que el título que sobre los bienes raíces pueda tener una corporación en violación de la referida Resolución Conjunta es válido contra todo el mundo, excepto contra El Pueblo de Puerto Rico, y que mientras éste no ejercite el procedimiento adecuado contra la corporación, no sólo retiene ella un título válido, sí que también puede trasmitirlo válidamente a cualquiera otra persona.

■ Aunque de la prueba resulta que en efecto la corporación demandada adquirió los dos créditos hipotecarios que otras personas tenían contra la demandante, no resulta de la evidencia si esos créditos así adquiridos fueron recibidos en pago de deudas que sus dueños hubieran tenido a favor de la demandada; pero en el supuesto de que la demandada los hubiera adquirido con el único objeto de aumentar su crédito contra la demandante, ese motivo, por perverso que fuera, no anula la adquisición de los créditos. Además lo que prohibe la ley es la adquisición de terrenos en exceso de 500 acres.

■ El testigo de la demandante, Remigio Martínez Badía, apoderado de aquélla y administrador de sus bienes, declaró que en algunas ocasiones pidió dinero a la demandada por cuenta de la demandante para comprar terrenos y que así lo hizo constar a la demandada, y que por consiguiente los $17,165.80 que la demandada reclamaba como dado para refacción, en parte, había sido dado para adquirir terrenos, y que para hacer esa clase de préstamos no estaba autorizada la demandada. Pero el mismo testigo declaró que en algunos años, después de haber pagado la cuenta de refacción, sobró dinero a la demandante; y que en otros no pudo cubrir dicha cuenta y ésta se arrastró para años subsiguientes. El testigo no especificó en qué fecha fué ni qué cantidades entregó la demandada a la demandante para comprar terrenos y no es posible determinar por los autos si ese dinero fué devuelto por la demandante a la de-

mandada al liquidar su cuenta de refacción en alguno de los años en que pudo pagar por completo lo que había recibido durante el año y lo adeudado de años anteriores.

En cuanto a la violencia o amenazas que alega la demandante ejerció la demandada para obligarla a trasmitirle el título de las fincas, la prueba no revela tal conducta por parte de la demandada y así lo declaró probado la corte inferior. Como muy bien dijo la corte *a quo*, el hecho de que la demandada indicara su intención de demandar a la demandante o aun la amenazara con establecer procedimientos judiciales para el cobro de esos créditos vencidos, al ejercitar ese derecho no incurrió en violencia o amenaza que pueda invalidar el contrato celebrado entre ellas.

La conclusión a que acabamos de llegar hace innecesario considerar la segunda causa de acción relativa a los frutos producidos· o debidos producir, la defensa de prescripción que alegó la demandada, así como la venta de los bienes que alegó la demandada haber hecho a la Autoridad de Tierras.

*Procede la confirmación de la sentencia.*